UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**LLEWELLYN GEORGE, 02-A-0092,**

                **Plaintiff,**          04-CV-0153(Sr)

v.

**G. BIEHL, et al.**

                **Defendants.**

---

**DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #27.

Currently before the Court is plaintiff's motion to change venue to the Southern District of New York because he has been released from the custody of the New York State Department of Correctional Services and is residing in a homeless shelter in White Plains, New York with limited resources and significant conditions of post release supervision, including travel restrictions, which will impede his ability to prosecute this action in the Western District of New York. Dkt. #66. Plaintiff also declares that he has been unable to retain counsel to represent him in the Western District of New York. Dkt. ##66 & 68.

Defendants oppose the motion on the ground that the defendants both work and reside in the Western District of New York; the facts at issue in this action are alleged to have occurred in the Western District of New York; and there has been extensive litigation activity in this Court with respect to this case. Dkt. #68.

   28 U.S.C. § 1404(a) provides as follows:

   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

Thus, the Court must, as an initial matter, determine whether this action could have been commenced in the Southern District. *See Dixon v. Fischer*, No. 07-CV-1157, 2008 WL 141786 (N.D.N.Y. Jan. 11, 2008), citing *Aquatic Amusements Assocs. v. Walt Disney World Co.*, 734 F. Supp. 54, 56 (N.D.N.Y. 1990).

   Pursuant to 1391(b), plaintiff's action could have been commenced only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Because defendants reside in the Western District of New York and the events giving rise to the claim occurred in the Western District of New York, there is no legal basis for venue in the Southern District of New York. Accordingly, plaintiff's motion (Dkt. #66), is **DENIED**.

   **SO ORDERED.**

DATED: Buffalo, New York
     April 1   , 2008

             \s\ H. Kenneth Schroeder, Jr.
             **H. KENNETH SCHROEDER, JR.**
             **United States Magistrate Judge**